**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ALLON YARONI et al.,

                         Plaintiffs,

       -against-                                     20 **CIVIL** 8062 (JMF)

## JUDGMENT

PINTEC TECHNOLOGY HOLDINGS
LIMITED et al.,

                        Defendants.
-----------------------------------------------------------X



It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated April 25, 2022, Plaintiff fails to plausibly allege a material misstatement or omission that is not time barred. Accordingly, his Section 11 claims fail. In addition, because a Section 15 claim against a "control person" requires that a plaintiff first demonstrate a "primary violation of the relevant statute," these claims fail as well. *In re NIO, Inc. Sec. Litig.*, No. 19-CV-1424 (NGG) (JRC), 2021 WL 3566300, at *11 (E.D.N.Y. Aug. 12, 2021); *see also Rombach*, 355 F.3d at 177-78. The Court need not and does not consider Defendants' other arguments for dismissal. Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (internal quotation marks omitted). Here, the problems with Plaintiff's claims are substantive, so amendment would be futile. *See, e.g., Roundtree v. NYC*, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (citing cases). Moreover, Plaintiff "has not requested permission to file a[n] Amended Complaint, nor has he given any indication that he is in possession of facts that would cure the problems identified in the instant motion to dismiss." *Gayle v. Home Box Off., Inc.*, No. 17-CV-5867 (JMF), 2018 WL 2059657, at *4 (S.D.N.Y. May 1, 2018); *see also Clark v. Kitt*, No. 12-CV-8061

(CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) ("A plaintiff need not be given leave to amend if he fails to specify how amendment would cure the pleading deficiencies in his complaint."); *accord TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505-06 (2d Cir. 2014). Finally, the Court granted Plaintiff leave to amend his complaint for a second time in response to Defendants' motion to dismiss and explicitly warned that he would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss." ECF No. 35; s*ee, e.g., Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013). (Plaintiff's failure to fix deficiencies in its previous pleadings is alone sufficient ground to deny leave to amend sua sponte." (collecting cases)). Accordingly, the Court has denied leave to amend the Complaint. Judgment is entered in favor of Defendants; accordingly, the case is closed.

**Dated:** New York, New York
April 25, 2022

**RUBY J. KRAJICK**
**Clerk of Court**
BY: *Kmango*
**Deputy Clerk**